IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEONTA TURNER, #320-950, | * | |
|     Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. RWT-07-286 |
| | * | |
| WARDEN, et al., | | |
|     Defendants | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

On January 31, 2007, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Counsel for Defendants has filed a dispositive motion (Paper No.11), which shall be treated as a motion for summary judgment. Plaintiff has filed a response.[1] Paper No. 13. No hearing is needed to resolve this motion. See Local Rule 105.6 (D. Md. 2004).

**1. Factual Background**

Plaintiff states he was assaulted by an officer on November 14, 2006, while incarcerated at the Maryland Correctional Training Center. Plaintiff alleges he had his left arm hanging out of the feed slot of his cell when Offer Phelps[2] instructed him to put his arm back inside his cell. Plaintiff states that he asked Phelps to get a sergeant or lieutenant. He states that Phelps then grabbed

---

[1] Plaintiff has also filed a "Motion for Appropriate Relief" (Paper No. 14) wherein he seeks the appointment of counsel and a hearing in this matter. Plaintiff's motion shall be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).
    Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, Plaintiff's complaint is not unduly complex. Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel.

[2] In their Motion to Dismiss or in the Alternative for Summary Judgment, Defendants demonstrate that at the time of the incident the only officer on duty in Plaintiff's housing unit was Officer Foust and that Officer Phelps was on duty in another part of the institution. Paper No. 11. In his response, Plaintiff states that he erred in naming Officer Phelps as a Defendant, that it was in fact Officer Foust who assaulted him, and that Officer Foust misidentified himself to Plaintiff. Paper No. 13. For the reasons that follow, even if Plaintiff had named the proper correctional officer as a defendant, his case would still be subject to dismissal.

Plaintiff's arm, twisted it, and shut the slot on Plaintiff's arm saying, "You think you slick you little bitch, I'll break your fucking arm."  Paper No. 1.

The uncontroverted records before the Court reveal that on November 14, 2006, as a result of his complaining of the alleged assault, Plaintiff was taken to the infirmary for evaluation.  Paper No. 11, Ex. 4.  The medical report indicates that no injuries were observed other than some reddening from Plaintiff's handcuffs.  Plaintiff was observed laughing and joking with other inmates in the dispensary, and the care provider opined that Plaintiff  "show[ed] more concern over getting something to eat than his wrist." Id.  Because no injuries were found, no treatment was rendered.

## 2. Standard of review

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).  In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor.  See Halperin v. Abacus Tech. Corp.,128 F.3d 191, 196 (4th Cir. 1997) (*citing* Anderson, 477 U.S. at 255).  The non-moving party may not rest upon mere allegations or denials in his pleading.  Rather, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  Anderson, 477 U.S. at 248; Allstate Fin. Corp. v. Financorp, Inc., 934 F.2d 55, 58 (4th Cir. 1991).  The "mere existence of a scintilla of evidence in support of . . . plaintiff's position" is not enough to defeat a defendant's summary judgment motion.  Anderson, 477 U.S. at 252.

## 3. Analysis

Analysis of cruel and unusual punishment claims "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective

2

component)." Williams v. Benjamin, 77 F.3d 756, 760 (4th Cir. 1996). In order to meet the subjective component of this test in an excessive force case, a prisoner must show that the force was applied "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U S. 1, 6-7 (1992). In making this determination, a court must consider (1) the need for the application of force, (2) the relationship between that need and the amount of force applied, (3) the extent of injury inflicted, (4) the extent of that threat to the safety of staff and inmates as reasonably perceived by prison officials, and (5) any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986).

Insofar as the objective element of an excessive force case is concerned, the prisoner "need not show that [the] force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action. All that is necessary is proof of more than de minimis pain or injury." Williams, 77 F.3d at 761(citation omitted); see also Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Medical records reflect that Plaintiff suffered no injury as a result of the alleged use of force. During his medical evaluation, Plaintiff only complained that his wrist was red. Thus, even accepting Plaintiff's version of the events as true, the injuries he claims to have suffered are de minimis. See Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (pain from being tightly handcuffed for six hours, welt on face from slap, and fears for safety were de minimis injuries); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (sore and bruised ear was de minimis injury); Norman v Taylor, 25 F.3d at 1263-64 (sore thumb caused by blow from key ring considered de minimis injury).

### 3. Conclusion

Because the Court finds no evidence of an Eighth Amendment deprivation, Defendants' Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff. A separate Order follows.

Date: 10/25/07                                          /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE